## PEOPLE v. MITCHELL.

(Supreme Court, General Term, Third Department.   December 8, 1892.)

KEEPING GAMBLING HOUSE—EVIDENCE.

> On a trial for keeping a gambling house it appeared that the place where the gambling occurred was in a room in the rear of a cigar store, and separated therefrom by a door, and in another room above the former.   The evidence of two detectives was that defendant sometimes waited on customers in the store; that there was a sign in front, with his name on it; and that once, on being asked how business was, he replied, "Pretty good."   The evidence for defendant showed that the title to the building was not in him; that his son owned the goods in the store. and conducted the business. having a license as retail liquor dealer from the United States and from the board of excise of the village; and that the son acquired title by an assignment of the lease of the premises, and by a bill of sale of the goods from a third person.   *Held,* that the evidence was insufficient to support a conviction.

Appeal from court of sessions, Saratoga county.

Caleb W. Mitchell was convicted of keeping a gambling house, and appeals.   Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK; JJ.

Edgar T. Brackett and J. S. L'Amoreaux, for appellant.

T. F. Hamilton, for respondent.

MAYHAM, P. J.   We think, upon the whole evidence in this case, the defendant should have been acquitted, and that for that reason the conviction should be reversed.   The indictment charges the defendant with keeping a gambling house in the village of Saratoga.   The principal witnesses for the prosecution were two hired detectives; one from Newark, N. J., and the other from the state of Connecticut.   The premises in which the gambling is alleged to have occurred, and in which the gambling devices were placed, were a room in the rear of store No. 396 Broadway, and an upper room over such rear room.   The store was separated from these rooms by a door; was used as a cigar store.   The only evidence against the defendant by the detectives was that he was seen in the front room or cigar store, and that he sometimes waited upon customers to cigars; and that there was a sign on the outside of the sidewalk, on which was the defendant's name; and that on one occasion, while the defendant was in the cigar store, on being asked by one of the detectives how business was, the defendant answered, "Pretty good."   There was no direct evidence connecting the defendant with the rear rooms, in which the gambling was carried on.   Nor was there any evidence, except as we have referred to, showing that he was connected with, or had any interest in, the cigar store.   The evidence on the part of the defendant showed the title to the building in Mary A. Mitchell, and the goods in the store in James H. Mitchell, a son of the defendant, and that he conducted the business, and had a United States government license as a retail liquor dealer, and a license from the board of excise of Saratoga Springs, dated May 16, 1891, and extending until May 3, 1892.   The evidence also showed that James H. Mitchell acquired title to the premises by an assignment of a lease of premises 398 Broadway, and a bill of sale of the goods, furniture, and fixtures therein,

from one James H. Long, dated September 8, 1890. These facts were proved by the papers in evidence, and not disputed by the people. Upon these undisputed facts it is difficult to see how the jury could find that the defendant was the keeper of this place. We can commend the zeal of the jury in their attempts to suppress the pernicious practice of keeping and maintaining gambling houses, which are offenses alike against society and law, but, in their search for a victim on whom to visit their condemnation, they cannot be permitted to overlook and disregard the fundamental and elementary principle in the criminal law that holds all innocent of the commission of crime until proven guilty. There is no evidence in this case to overcome that humane presumption, even if we give full weight to the evidence of the hired detective and suspects, on whose testimony the learned district attorney relies to sustain this conviction.

The conviction must therefore be reversed. All concur.